Ms. Ann Hines Executive Vice President Arkansas Oil Marketers Association P.O. Box 229 Little Rock, AR 72203
Dear Ms. Hines:
You have requested several opinions pursuant to the authority under Initiated Act 1 of 1988 which is cited as "The Disclosure Act for Lobbyists and State Officials". I will restate your questions and render my opinions in the order listed.
Your first question is as follows:
 Under what circumstances should a corporation be registered as a lobbyist as opposed to an individual employee being the registered lobbyist?
Initiated Act 1 of 1988 defines the term lobbyist at Section21-8-402(J) as a "person who:
 (1) receives income or reimbursement in a combined amount of $250 or more in a calendar quarter for lobbying; or
 (2) expends $250 or more in a calendar quarter for lobbying excluding the cost of personal travel, lodging, meals, or dues; or
 (3) expends $250 or more in a calendar quarter including, postage, for the express purposes of soliciting others to communicate with any public official, to influence any legislative action or administrative action unless the communication has been filed with the Secretary of State or the communication has been published in the news media. If the communication is filed with the Secretary of State, the filing shall include the approximate number of recipients".
The term "person" is defined in Section 21-8-402(k) as "a business, individual, corporation, union, association, firm, partnership, committee, club, or other organization or group of persons". It is clear that a corporate entity can be a lobbyist pursuant to Initiated Act 1 of 1988 and, if so, would be subject to the various registration and disclosure requirements of that law. Section 21-8-402(I) defines lobbying as "communicating directly or soliciting others to communicate with any public official or employee of any governmental body with the purpose of influencing legislative action or administrative action". If a corporate entity engages through its officers or representatives in this conduct, corporate registration and disclosure would be required. The actual preparation of the registration and disclosure documents would, of course, be prepared by some individual designated by the corporate entity to fulfill that obligation. You should note that if the only act of lobbying is reimbursing a lobbyist, no registration is required,21-8-601(a)(3)(a).
It is my opinion that the individual employees or agents of the corporate entity who engage in lobbying activities must also register as a lobbyist, however, these individuals would not be required to file a lobbyist activity report because the monies expended would be corporate monies and accordingly would be disclosed in the corporate lobbyist activity report.
Your next question is as follows:
 Our association has a number of members who are legislators and members of state boards or commissions or the spouse of a legislator or member of a board or commission. Do I report these as "business associations"? All paid dues to belong to AOMA.
Section 21-8-604(d) provides disclosure of "a statement detailing the direct business association or partnership with any public official before whom the lobbyist may engage in lobbying". The term "public official" is defined by the Act at Section21-8-402(l) as "a legislator or any other person holding an elective office of state government or any agency head, department director or division director of state government or appointee to any state board or commission who is authorized by or charged by law with the exercise of regulatory authority or is authorized to receive or disburse state or federal funds". As previously stated the definition of the term person would include your association within its definition. The law requires disclosure of any direct business association or partnership with any public official before whom the lobbyist may engage in lobbying.
If your association has various public officials as members, it is my opinion that this fact should be disclosed in the required lobbyist activity report, assuming the public officials are object of your association's lobbying effort. If your association has members who are also members of state boards or commissions, it is my opinion that this fact should be disclosed in the lobbyist activity report. In my opinion the law does not require disclosure of any business association or partnership with the spouse of any public official.
Your next question is as follows:
 If I ask members of this association to call legislators on an issue and they call a representative and or a senator that does not represent their district, are they considered a lobbyist and do they have to register?
With regard to this question I refer you to the definition of lobbyist previously cited in this opinion. If members of your association were requested to contact legislators, this in and of itself would not constitute lobbying unless those individuals either received or expended monies in a calendar quarter in excess of $250 under the circumstances outlined in the definition. A person, in my opinion, can be a lobbyist even though the legislator who is being lobbied lives outside the district of the lobbyist. There is no exemption within Initiated Act 1 of 1988 which would dispense with the necessity of registration or the filing of the lobbyist activity report simply because the legislator lives outside the district of the lobbyist.
Your next question is as follows:
 If I alert the AOMA Officers and Directors of an issue and I ask for their help in influencing legislation and ask that they call other AOMA members and alert them to the issue and ask their help, will the Board Members have to register as lobbyists?
Again I refer to the definition of the term lobbyist previously cited in this opinion. The term "lobbying" is defined in Section21-8-402(i) as "communicating directly or soliciting others to communicate with any public official or employee of any governmental body with the purpose of influencing any legislative action or administrative action". Only a person who is a lobbyist, as defined by the act, is required to register. In the hypothetical posed by this question, the individual board members of AOMA would not be required to register as lobbyists, assuming they were not receiving or expending the required $250 per calendar quarter for the lobbying activity. You will note that your organization might well be required to register if the spending threshold or income thresholds were met.
Your next question is as follows:
 AOMA has an attorney who writes legislation at our direction and who appears at legislative hearings as needed. He is a registered lobbyist Are his fees a reportable expense on my disclosure form?
Section 21-8-601(a)(2)(D) and (G) provide that a lobbyist need not register if the only act of lobbying consists of "drafting legislation or testifying as an individual at a public hearing in support of or in opposition to legislation or administrative action; testifying on behalf of a corporation, partnership, association, or other organization with which the person is regularly associated as an employer, officer, member of partner. . .
If your attorney only engages in the activities posed in your question, it is my opinion that the attorney would not have to register as a lobbyist pursuant to the above cited exemptions in Initiated Act 1 of 1988. A close examination of your attorney's activities would be necessary to determine if registration were required. If registration were required of your attorney, it is my opinion that the fees paid the attorney would not be reportable on your lobbyist activity report. Section 21-8-604 provides:
 the report shall contain: (a) the total of all expenditures made or incurred by the registered lobbyist on or on behalf of the registered lobbyist by his or her employer during the preceding period.
It is my opinion that fees paid to registered lobbyists by their principals or employers are not required to be reported in the lobbyist activity report. I interpret this law to require disclosure of those expenditures which have the potential for influencing legislative or administrative action. Since fees paid to lobbyists do not in any way benefit the object of the lobbying effort, disclosure of same would not assist the general public in assessing the potential influence on the public official or legislator in question and accordingly I am of the opinion that such expenditures are not required to be disclosed. For these same reasons the fees paid to your attorney for lobbying activities would not be reportable in your associations lobbyist activity report even if the payment was for activities performed by the attorney which would not exempt the attorney from registration. In addition 21-8-604 of Initiated Act 1 of 1988 specifically outlines expenditures to be itemized and this section does not list lobbyist compensation as a reportable item. Had the drafters of the Act intended lobbyist compensation to be reportable, I am of the opinion that such requirement would have been made manifest by the drafters in this section.
Your final question is as follows:
 If this Association gave a gift with a value of over $10 to a legislator, is this reportable on my lobbyist disclosure form since in my position as Executive Vice President, I am responsible for financial matters? It would not be a gift from, me but from the Corporation.
Section 21-8-604(B) requires disclosure of gifts made by lobbyists to a public official or on behalf of a public official. In my opinion a gift of a value in excess of $100 made by the association to the public official would be reportable only on the association's lobbyist activity report and not on your individual lobbyist activity report. The gift, in your scenario, is a gift from the association and not from you individually.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Bill McLean.